Alfred D. Lerner, J.
The defendant Raahl Mohondhis was tried before a jury on March 19 through March 25, 1976. At the conclusion of all the evidence, the defendant moved for a trial order of dismissal on all four counts of the indictment.
CPL 290.10 states that the court may issue a trial order of dismissal when the trial evidence is not legally sufficient to establish the offense charged.
THE FIRST COUNT
The first count of the indictment charges the defendant with criminal possession of stolen property in the first degree. The indictment alleges that on or about June 6, 1975 the defendant Raahl Mohondhis knowingly possessed a stolen boat belonging to Norman Miller.
The People called Norman Miller on their direct case. Mr. Miller testified that his boat, a 24 foot Searay, was stolen on August 4, 1974. Mr. Miller states that prior to June 6, 1975 his insurance company reimbursed him for his loss. The evidence is clear that on or about June 6, 1975 the date indicated in the indictment, Norman Miller was not the owner of the boat.
The defense contends that the People have failed to produce legally sufficient evidence to establish the true owner of the boat on or about June 6, 1975.
The People contend that Mr. Miller had an "equitable interest” in the boat on June 6, 1975.
In the alternative, the People seek to amend the indictment pursuant to CPL 200.70 to read "another owner other than Norman Miller”.
The Penal Law does not recognize any theory of equitable ownership. Subdivision 5 of section 155.00 of the Penal Law *802 defines an owner as any person who has a right to possession superior to that of the taker, obtainer or withholder.
On June 6, 1975 Norman Miller did not have a right to possession superior to that of the taker, obtainer, or with-holder..
CPL 200.70 permits an amendment of an indictment with respect to defects, errors or variances relating to matters of form, time, place and names of persons. If, in the case at bar, the Grand Jury minutes identified the true owner of the boat at the time of the crime and, thereafter, that party’s name was inadvertently misspelled or changed on the indictment, this court could rectify that situation. Such an amendment "does not change the theory * * * of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits”. (CPL 200.70.) This type of amendment is the technical procedure contemplated by the statute.
The facts of this case are quite different. The owner of the boat in question on or about June 6, 1975 was not Norman Miller, but someone else. The People produced Norman Miller at both the Grand Jury hearing and at trial to establish ownership of the boat. In actuality, Norman Miller was not the owner of the boat on the date of the crime.
The People, by seeking to amend the indictment desire, in effect, to alter the testimony before the Grand Jury. This may not be permitted. Such a change would ignore all of the evidence introduced before that body and adduced at the present trial; that would definitely change the theory of the prosecution. The People would not only have to reopen the case and introduce evidence supporting this amendment, they would have to justify such a change at the Grand Jury level.
Thus, since the People have not proved ownership of the boat on the date in question and the court may not permit amendment, the first count of the indictment is dismissed.
THE SECOND COUNT
The second count of the indictment charges the defendant with criminal possession of a forged instrument, an altered hull identification number.
The court finds that the People have produced sufficient trial evidence to permit that count to go to the jury and the application is denied.
*803 THIRD COUNT
The third count of the indictment charges the defendant with criminal possession of a forged instrument, the boat registration card.
The People’s witnesses, Officers Craig and Crash testified that the registration card owned by Raahl Mohondhis was not a forgery.
The third count is consequently dismissed.
FOURTH COUNT
The fourth count of the indictment charges the defendant with unauthorized use of a vehicle in that on or about June 6, 1975 Raahl Mohondhis exercised control over a boat owned by Norman Miller, knowing that he did not have the consent of the owner.
Norman Miller testified at the Grand Jury and at trial that on June 6, 1975 he did not give Raahl Mohondhis consent or authority to use the boat in question. However, the evidence reveals that on that particular date Norman Miller was not the owner of the boat. Therefore, the fact that he did not give Mr. Mohondhis permission to use the boat is of no legal significance.
Again, for the reasons stated on the first count, this court has no authority to permit an amendment to signify the true owner whether it be corporation or individual.
Since the People have failed to produce any evidence that the owner of the boat on or about June 6, 1975 did not give the defendant permission to use the boat in question, a trial order of dismissal must be granted.
The fourth count of the indictment, unauthorized use of a vehicle, is dismissed.